**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JOSEPH KUBERSKI, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:15-CV-320-HAB |
| ALLIED RECREATIONAL GROUP, INC., | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Joseph Kuberski's Objections to the August 3, 2017, Magistrate Judge's Opinion and Order [ECF No. 62]. The Objection challenges Magistrate Judge Susan L. Collins's Opinion and Order granting in part and denying in part Defendant Allied Recreational Group, Inc.'s, Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(d).

The Magistrate Judge's Order [ECF No. 61] awarded Defendant $8,247.00 in attorney fees and travel expenses for Plaintiff's failure to attend his December 1, 2016, deposition, but denied all other requested relief. The fees were to be paid by Plaintiff's counsel. Plaintiff contends that this was clearly erroneous and that the Court should set aside, or in the alternative, modify the Magistrate Judge's Order. Defendant has filed a response to the objections [ECF No. 64], and Plaintiff has filed a reply [ECF No. 65].

For the reasons stated in this Opinion and Order, the Court overrules Plaintiff's Objections.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's order pertaining to a non-dispositive pretrial matter within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (providing for reconsideration by district court judge of any pretrial matter designated to a magistrate "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

Rule 72(a) grants magistrate judges great latitude in resolving non-dispositive matters, like the one at issue here. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *see also Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (referring to the clear error standard as "extremely deferential").

"Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard," *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007), or if it "misapplie[d] relevant statutes, case law, or rules of procedure," *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Federal Rule of Civil Procedure 37(d) authorizes a court to impose sanctions on a party who fails to appear at his own deposition after being served with proper notice. In such a case, the spectrum of permissible sanctions ranges from the imposition of attorney fees and expenses to the dismissal of the party's case. *See* Fed. R. Civ. P. 37(b)(2), (d)(3). The type of sanction imposed must be proportionate to the objectionable conduct. *Sherrod v. Lingle*, 223 F.3d 605, 612–13 (7th Cir. 2000).

**ANALYSIS**

**A.     Background and Order for Sanctions**

Plaintiff sued Defendant for breach of warranty, alleging that the recreational vehicle (RV) he purchased from Defendant's dealer was defective, and that Defendant failed to reasonably repair the defects. During discovery, Defendant scheduled the deposition of Plaintiff to take place in St. George, Utah, on December 1, 2016. Plaintiff did not appear for the deposition. Defendant also arranged to inspect the subject RV, which was parked in North Carolina. However, when Defendant's corporate representative, counsel, and expert arrived in North Carolina on August 22, 2016, they were unable to drive the RV because Plaintiff had allowed the RV's license plates and registration to expire.

Defendant sought sanctions against Plaintiff for failing to appear for his December 1, 2016, deposition, and for failing to produce the subject RV for a meaningful inspection on August 22, 2016. Defendant sought its reasonable attorney fees and travel expenses in relation to the two events, plus its attorney fees in preparing the motion for sanctions.

3

The Magistrate Judge's August 3, 2017, Opinion and Order granted the imposition of sanctions for Plaintiff's failure to appear at the December 1, 2016, deposition because his non-appearance was not substantially justified and no other circumstances made an award of expenses unjust. No sanctions were imposed related to the inspection of the RV.

In rendering her decision, the Magistrate Judge addressed Plaintiff's three arguments why sanctions were not warranted for his failure to appear at the deposition: (1) Defendant failed to properly serve the notice of deposition pursuant to Federal Rule of Civil Procedure 5; (2) neither Plaintiff nor his counsel had actual knowledge of the December 1, 2016, deposition; and (3) the deposition of Plaintiff, which was a second deposition, was not necessary.

On the first issue, the Magistrate Judge found that notice was properly served by email. The Magistrate Judge relied on counsel's registration for the CM/ECF filing system used by this Court, *see* CM/ECF Civil and Criminal User Manual, Section I(B)(3) (providing that "[a]n attorney's registration will constitute a waiver of conventional service of documents and the attorney agrees to accept service of notice on behalf of the client of the electronic filing by hand, facsimile or authorized e-mail"), as well as an email Plaintiff's counsel sent to Defendant's counsel on May 17, 2016, advising that he would accept discovery requests via email. The latter was construed as written consent to electronic service. *See* Fed. R. Civ. P. 5(b)(2)(E).

Additionally, the Magistrate Judge found that the electronic "receive-receipt tag" and the "read-receipt tag" that Defendant offered in connection with the email noticing the deposition was sufficient to overcome defense counsel's failure to recollect receiving

4

the email. Accordingly, the court concluded that Defendant properly served notice to Plaintiff of his deposition scheduled for December 1, 2016, and that Plaintiff had actual knowledge of the notice through the email.

The Magistrate Judge thought Plaintiff's third argument, regarding the necessity of a second deposition, to be a nonstarter. The parties had agreed at the close of the first deposition to continue it to another date when Defendant's wife could also be deposed. This was necessitated by the production of documents during Plaintiff's first deposition that had not been previously disclosed and were authored, in part, by Plaintiff's wife.

B.  **Plaintiff's Objections**

Plaintiff objects to the imposition of sanctions for failing to appear at his own deposition. He asserts that the Magistrate Judge's ruling that he was properly served was clearly erroneous for two reasons. First, he takes issue with the Magistrate Judge's statement in the Report that Plaintiff "fails to dispute the evidence that the notice of deposition was, in fact, emailed to and received by [defense counsel]." (Pl.'s Obj. 6, ECF No. 62 (quoting ECF No. 61 at 11).) He argues this is not accurate because he "strongly dispute[d] that the email was ever received" and provided an affidavit to that effect. (*Id.*)

One might believe, reading Plaintiff's argument, that the Magistrate Judge ignored Plaintiff's claim that he did not receive the email that noticed the deposition. That is not what the Magistrate Judge did, or how the Report and Recommendation fairly reads. Rather, it is acknowledged in the Report that Plaintiff disputed that he received the email. However, the Magistrate Judge did not think that Plaintiff's evidence refuted Defendant's

evidence—an electronic "receive-receipt tag" and "read-receipt tag" showing that counsel received and read the email containing the notice of deposition. (*See* ECF No. 25-1 at 12–13.) This decision was not clearly erroneous.

Moreover, it was not necessary that the Magistrate Judge resolve why counsel and his staff did not have recollection of the sent and received email. Even negligent failures can trigger sanctions. *See, e.g.*, *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 473 (7th Cir. 1984) ("[T]he culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all.") The Magistrate Judge's Order, in fact, imposed the minimum of the sanctions mentioned in Rule 37(d)(3) (cross referencing subsection (b)(2)(A)(i)–(vi)).

Second, Plaintiff objects to the Magistrate Judge's conclusion that he consented to electronic service. He asserts that it was clearly erroneous to find that his email communication that discovery could be served "via email if you wish, in addition to ordinary mail, as it will speed up the process on our end" was consent to receive discovery by email only, without any follow-up by ordinary mail. Although Plaintiff's position is one possible scenario of what he intended to communicate, the Court is not left with the definite and firm conviction that the Magistrate Judge committed a mistake in concluding that Plaintiff consented to electronic service. The Magistrate Judge did not rely on this email alone, but also considered the impact of counsel's use of the CM/ECF system, as well as his course of conduct, including serving Rule 26(a) disclosures on defense counsel solely through email. (ECF No. 61 at 10 & n.10.)

Plaintiff's final argument is that, even if he was served with notice, imposing sanctions was clearly erroneous and contrary to law because Defendant failed to make a good faith attempt to informally resolve the discovery dispute or mitigate his injury before seeking sanctions. The source of Plaintiff's argument is Rule 37(a)(1), which generally requires that a party "mov[ing] for an order compelling disclosure or discovery . . . include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Plaintiff also cites Rule 37(a)(5)(A)(i), which applies to a court's grant of reasonable expenses incurred in making a motion to compel. However, because Defendant was not moving for an order compelling disclosure or discovery, subsection (a) was not applicable.

The more specific provision in subsection (d) applied to Defendant's motion for sanctions. It provides:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> *(1) In General.*
>
> **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent— or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

7

> **(B)** *Certification*. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act *in an effort to obtain the answer or response* without court action.

Fed. R. Civ. P. 37(d)(1) (emphasis added). The Court finds that the proper interpretation of this Rule is that a party seeking sanctions for failure to answer or respond to written discovery must include a certification that the movant has conferred or attempted to confer with the party failing to act to obtain the answer or response without court action. *See* Fed. R. Civ. P. 37(d)(1)(B).

Defendant was not seeking a sanction for failing to answer or respond to written discovery. Taking a deposition involves coordinating the schedules of numerous individuals and making other arrangements, such as scheduling a court reporter, reserving an appropriate space, and, in this case, incurring travel time and expense. Accordingly, the Federal Rules treat the failure to appear for a noticed deposition seriously. The certificate that applies to written discovery was not required before Defendant sought his reasonable expenses for attending the deposition, and the Magistrate Judge's decision was not clearly erroneous or a misapplication of the Federal Rules of Procedure.

Pressing the mitigation argument, Plaintiff asserts that he should have been given an opportunity to rectify the "discovery dispute." According to Plaintiff, defense counsel's failure—after learning that Plaintiff's counsel was still in his Ohio office when the deposition was scheduled to begin in Utah—to attempt to coordinate with Plaintiff's counsel to go forward with the deposition despite his and his client's absence, renders an

award of expenses unjust. The Court agrees with Defendant that the scenario the Plaintiff provides for how this could have been accomplished is disingenuous. The Court finds counsel's attempt to portray himself as the victim in this situation unconvincing. His arguments do not persuade the Court that an award of attorney fees and expenses was unjust, or that the Magistrate Judge applied the wrong legal standard.

**CONCLUSION**

For the reasons stated above, the Court OVERRULES Plaintiff's Objections to the August 3, 2017, Magistrate Judge's Opinion and Order [ECF No. 62]. The Objection is termed as a pending motion.

SO ORDERED on May 29, 2019.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT