# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH KUBERSKI, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED RECREATIONAL GROUP, INC., <br><br> Defendant. | CAUSE NO.: 1:15-CV-320-HAB |

## OPINION AND ORDER

This is a lawsuit for breach of warranty in connection with the purchase of a recreational vehicle (RV). On November 7, 2017, Magistrate Judge Susan Collins issued a Report and Recommendation [ECF No. 66] upon referral of two motions: (1) Defendant Allied Recreational Group, Inc.'s, Motion to Bar Plaintiff's Expert (Phillip Grismer) [ECF No. 31]; and (2) Plaintiff Joseph Kuberski's Motion to Exclude Douglas Haas' Testimony [ECF No. 34]. The Magistrate Judge recommended that this Court deny Defendant's Motion to bar Grismer's testimony. The Magistrate Judge also recommended that this Court deny Plaintiff's Motion to bar Haas' testimony, with one exception. The Magistrate Judge found that one portion of Haas' opinions should be excluded because it was not disclosed in accordance with Federal Rule of Civil Procedure 26(a) and (c), and the failure to disclose it was not substantially justified or harmless.

Defendant has objected to this portion of the Report and Recommendation. (*See* Def.'s Obj. to R. & R., ECF No. 68.) Haas offered the opinion that is at issue during his

deposition. Haas testified that two worn front tires of the RV and Plaintiff's failure to have an alignment performed caused the RV's vibration and the loosening of parts throughout the RV. Defendant argues that the testimony regarding the tires is "merely a common sense rebuttal to Mr. Grismer's opinion that there was no relationship between the tires and complaints raised by plaintiff." (Def.'s Obj. ¶ 2.)

For the reasons stated in this Opinion and Order, the Court overrules Defendant's objection and adopts the Report and Recommendation in whole.

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(B), a magistrate judge is authorized, upon referral from the presider, to submit proposed findings of fact and recommendations to the district court. If a party files a timely objection to the magistrate judge's report and recommendation,

> the district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge also may receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Defendant has made a timely objection to a specific recommendation. As stated above, Defendant does not agree that, when its expert, Haas, testified during his deposition that there was a connection between the worn tires and misalignment and

2

other problems with the RV, this was a new opinion that was not timely disclosed. In concluding otherwise, the Magistrate Judge began with Grismer's Report.

> Grismer stated that the "dash assembly and entire right front wall area began rattling and shaking" at 25 miles per hour, that the "dash panel visible [sic] jumps up and down," and that "[a] severe vibration is felt through the seats, steering wheel, wall and floor while driving." (DE 47-5 at 8). Grismer's report also notes an invoice for the replacement of two front tires that were worn out on the inside tread to the extent that the steel belts were exposed (DE 47-5 at 6), though the report does not offer any opinion about the worn tires. Haas's report notes a "slight rattle" in the front passenger side wall, but indicated that "[r]epairs to the fasteners in the dash assembly . . . would significantly reduce this issue." (DE 35-3 at 5). Haas's report also indicates that Kuberski's traveling off road to the storage location "very likely caused or contributed to the present condition of the dash . . . ." (DE 35-3 at 18).
>
> At his deposition, Grismer was asked whether there was any relationship between the tires and Kuberski's various complaints, and Grismer simply responded: "No." (DE 46-10 at 2). At Haas's deposition 11 days later, Haas testified that the two worn front tires and Kuberski's failure to have an alignment performed caused the vibration and loosening of parts throughout the Subject RV. (DE 35-2 at 18-20, 22). Haas further testified that he reached this conclusion "[w]hen [he] saw the picture of the tire[,]" which was prior to his first inspection and prior to writing his expert report. (DE 35-2 at 19). Haas admitted, however, that he failed to mention this opinion in his written report. (DE 35-2 at 20).

(R. & R. 19–20.)

The Magistrate Judge then acknowledged Defendant's argument that the testimony was in rebuttal to Grismer's deposition testimony denying any causal effects of the worn tire, and also acknowledged Plaintiff's position that it was not an elaboration of his written report but a contradiction to it. The Magistrate Judge agreed with Plaintiff. She wrote that Grismer had not raised the worn tires in his report, and his only deposition testimony was to deny any connection between the

3

tires and the vibration. Accordingly, Grismer had not raised "a new opinion that necessitated rebuttal testimony on this point." (R. & R. 21.) The Magistrate Judge noted that the most significant fact was that Haas admitted that he formed the opinion about the worn tires before he completed his inspection and issued the written report, yet the opinion was not included in his report.

Defendant urges the Court to view the testimony as rebuttal, and to modify the Magistrate Judge's Report and Recommendation accordingly. Defendant contends that it is important to consider that Grismer did not merely deny a connection between the worn tires and the RV issues. Rather, he also opined, for the first time in his deposition, that even though worn tires and a misaligned chassis could cause vibration, he viewed the effect on drivability as negligible. (Grismer Dep. 97, ECF No. 68-1.) Defendant argues that Haas's testimony, in this context, simply points out that Grismer's conclusions are illogical. Defendant argues that Haas's conclusions were so rudimentary that they should not have surprised Plaintiff, and were simply an explanation of other testimony that suspension, alignment and tire balance are matters of maintenance that can cause or contribute to the problems Plaintiff experienced with the RV.

If Defendant intended to convince the Court that Haas's testimony was an explanation of his previously stated opinions, he has not succeeded. Defendant does not cite those opinions, nor attempt to place Haas' testimony in context with those opinions. Accordingly, the Court adopts the Magistrate Judge's conclusion,

based on a review of Haas' report, that he offered a different opinion with respect to the vibration of the dash that made no mention of tires.

Defendant's most strenuous objection appears to be that the testimony was harmless rebuttal to a new opinion Grismer offered, and that Haas was entitled in fairness to address that opinion. Grismer's testimony, however, cannot be characterized as a new opinion. Grismer never opined in his Report that the tires had any relationship to the other complaints with the RV. Thus, when he was asked about a possible connection during his deposition and denied that one existed, his testimony was entirely consistent with his report. Grismer was not required to identify in his Report all potential causes that he did *not* associate with the RV's vibration. It does not stand to reason that any questioning along the lines of what Grismer did not consider a causal connection would open the door for Haas to offer a new opinion.

Further, the Court finds that Defendant has not offered a substantial justification for Haas's exclusion of this opinion from his report. Haas admittedly saw pictures of the tire and inspected the RV before writing his report. Moreover, permitting its introduction would not be harmless, as it affirmatively assigns a particular cause to one of Plaintiff's major complaints about the RV.

Because Haas offered an opinion that he had not included in his report, and this opinion has not been shown to be an elaboration of a prior opinion, the Magistrate Judge correctly applied Rule 37(c)(1) to exclude the opinion as untimely.

## CONCLUSION

For the reasons stated above, the Court OVERRULES Defendant's Objection to Report and Recommendation [ECF No. 68], and ADOPTS in whole the Report and Recommendation [ECF No. 66]. Accordingly, Allied's Motion to Bar Plaintiff's Expert [ECF No. 31] is DENIED, and Kuberski's Motion to Exclude Douglas Haas' Testimony [ECF No. 34] is GRANTED IN PART and DENIED IN PART in accordance with the Report and Recommendation [ECF No. 66].

SO ORDERED on May 29, 2019.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT