# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH KUBERSKI, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED RECREATIONAL GROUP, INC., <br><br> Defendant. | CAUSE NO.: 1:15-CV-320-HAB |

## OPINION AND ORDER

This is a lawsuit for violations of various consumer protection laws and breach of warranty in connection with the purchase of a recreational vehicle (RV). Plaintiff Joseph Kuberski purchased a Class A motorized Fleetwood RV from Defendant Allied Recreational Group, Inc.'s authorized dealer. Plaintiff alleges that the RV suffered from numerous defects and malfunctions that were not fixed within a reasonable amount of time or after a reasonable number of attempts.

Plaintiff's Complaint includes three separate Counts against Defendant. Plaintiff alleges breach of an express and/or implied warranty, violation of the Magnuson-Moss Warranty Act (MMWA), and violations of state consumer protection statutes based on the Defendant's representations during the transaction, failing to remedy defects, failing to honor a request to take the RV back, and breach of warranty. Plaintiff seeks relief in the form of damages or, in the alternative, relief in the form of rescission of the contract.

This matter is now before the Court on Defendant's Motion for Summary Judgment [ECF No. 36]. Defendant maintains that it is entitled to judgment as a matter of law on the MMWA claim because the undisputed facts reveal that the alleged concerns with the RV occurred outside of the one-year warranty period, were corrected within a reasonable number of attempts, or were chassis-related. Defendant also submits that neither Plaintiff, nor his expert, can opine about the alleged defects or damages sufficient to support his MMWA claim for breach of warranty.[1]

## STATEMENT OF FACTS

On March 19, 2013, Plaintiff purchased a 2013 Fleetwood Storm model RV from Camping World R.V. Sales, located in Hope Mills, North Carolina. The day prior, Camping World had noted and remedied fourteen defects that existed when the RV arrived from the factory.

A "Limited One-Year Warranty" applied to the house portion of the RV as follows: "Your new motor home, including the structure, plumbing, heating and electrical systems, all appliances and equipment installed by the manufacturer, is warranted under normal use to be free from manufacturing defects in material or workmanship, when first sold by an authorized Fleetwood dealership." (ECF No. 37-1 at 64.)

> The warranty covers the first retail purchaser and all transferees during the warranty period when first sold by an authorized Fleetwood Dealership. The warranty begins on the date of original retail delivery or the date the motor home is first placed into service as a rental, commercial or demonstrator unit (whichever occurs first) "Start Date" and extends for the following periods:

---

[1] This assertion was also the subject of a Motion to Bar Plaintiff's Expert (Phillip Grismer), which has been denied.

1. For non- structural defects, one (1) year from the Start Date or until the motor home reaches 15,000 total miles as determined by the mileage shown on the odometer, whichever occurs first.

2. For structural defects, three (3) years from the Start Date or until the motor home reaches 45,000 total miles as determined by the mileage shown on the odometer, whichever occurs first. Structural defects are defined only as the motor home's roof structure, sub-floor structure, and Vacubond® walls.

(*Id.*) The limited warranty excludes from coverage "The automotive chassis system (including the chassis and drive train), tires and batteries, which are covered by the separate warranties of the respective manufacturers of these components." (*Id.*)

About one month after taking delivery, Plaintiff returned the RV to the dealership in North Carolina for repair of defects, the most significant of which were that the front slide was not operable and the outside compartment door did not completely close. The work order from Camping World indicates that both defects were corrected. The first was corrected by replacing a blown fuse and the second by reinstalling the hinges so that the compartment door closed flush with the seal. An additional complaint was remedied a few weeks later.

On June 11, 2013, Plaintiff brought the RV to Camping World for additional service. Some of the complaints involved problems that had existed from the time of purchase. On November 21, 2013, the RV was again brought to Camping World for repair of numerous defects. Plaintiff instructed the dealership to keep the RV as long as necessary to complete the repairs because he was being deployed for military service. On March 19, 2014, Plaintiff returned to Camping World to pick up his RV. Plaintiff discovered that the RV still had unresolved defects, and another repair order was opened.

October 2014 was the last time that Plaintiff brought the RV to the dealership for repairs. He continued to experience new problems thereafter, as well as what appeared to be a continuation of others. Plaintiff declined an offer to have the RV sent to the manufacturer in Indiana for repair.

**ANALYSIS**

The MMWA is "a remedial statute designed to protect the purchases of consumer goods from deceptive warranty practices." *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 630 (7th Cir. 2001) (citing *Skelton v. Gen. Motors Corp.*, 660 F.2d 311 (7th Cir. 1981)). "[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1).

**A.     No Violation of Obligations Under MMWA**

Plaintiff cites to § 2304 as the applicable portion of the MMWA that supports his claim for breach of warranty. He asserts that it imposes strict standards of compliance on warrantors. For example, he argues that it requires a warrantor to repair all defective or malfunctioning products within a reasonable time and without charge. (Pl.s' Mem. 5, 7–8 (citing 15 U.S.C. § 2304(a).) He contends that the same provision entitles the warrantor some opportunity to correct problems, but only a reasonable number of attempts or a reasonable amount of time. Then, if the warrantor cannot remedy the defects after a reasonable number of attempts or reasonable amount of time, the warrantor must permit the consumer to either elect a refund or replacement of the product.

4

The section of the MMWA Plaintiff relies upon, § 2304, sets out the federal minimum standards for warranties. However, it only applies to full warranties. *See, e.g.*, *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004) (recognizing that [t]here are two types of written warranties under the Act: full warranties and limited warranties") (citing 15 U.S.C. § 2303(a)). "If the written warranty meets the Federal minimum standards for warranty set forth in section 2304 of this title, then it shall be conspicuously designated a 'full (statement of duration) warranty'." 15 U.S.C. § 2303(a)(1). Section 2303(a)(2) states that if a written warranty fails to meet the standards set forth under § 2304, then the warranty must be conspicuously labeled as "limited."

The written warranty at issue here is conspicuously labeled as a "limited" warranty. Therefore, the minimum standards provision does not apply to the warranty at issue in this case, and neither do the Act's substantive remedies. *See Schimmer*, 384 F.3d at 405. Plaintiff has not identified any stand-alone claims that arise out of Defendant's failure to comply with an obligation under the MMWA. However, as set forth below, that is not the end of the inquiry.

**B.     Breach of Written or Implied Warranty**

The MMWA "allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action." *Schimmer*, 384 F.3d at 405 (citing *Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998)). "[F]or all practical purposes, the MMWA operates as a gloss on . . . state law breach of warranty claims." *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011). The disposition of the state law warranty claims determines the disposition of the MMWA claims. *Schiesser v.*

*Ford Motor Co.*, 2016 WL 6395457, at *4 (N.D. Ill. Oct. 28, 2016) ("The ability to sustain a cause of action under the Magnuson-Moss Act is dependent on the existence of an underlying viable state-law warranty claim.") (citing *In re Gen. Motors Corp. Dex-Cool Products Liab. Litig.*, 241 F.R.D. 305, 315 (S.D. Ill. 2007) ("Although Plaintiffs bring this action pursuant not to state law but the Magnuson-Moss Act, state law nonetheless dominates this case due to the peculiar nature of the federal statute, which in numerous respects is essentially a vehicle for vindicating state-law warranty claims in federal court."). When a MMWA breach of warranty claim is brought under state law, state law controls the nature of relief to which the consumer is entitled.

To correctly analyze Plaintiff's breach of warranty claim, it must apply the laws of the state that properly govern the claim. A federal court sitting in diversity must apply the choice of law rules of the forum in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Indiana choice of law rules regarding actions sounding in contract requires application of the law of the forum with the most intimate contacts to the facts. *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind. Ct. App. 1997). The following are representative of the factors to consider when the contract does not contain a choice of law provision: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties. *Id.* (citing Restatement (Second) of Conflict of Laws § 188 (1971)). A court need only undergo the analysis above if there is a difference between the relevant laws of the different states. *Hartford Acc. & Indem. Co.*, 690 N.E.2d at 291 ("[B]efore entangling itself

in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states.")

Reviewing the submissions in this case has reminded the Court that it is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Neither party has offered a choice of law analysis or otherwise indicated whether North Carolina or Indiana law applies. Defendant fails to cite a single case that would assist the Court in determining liability for breach of a written or implied warranty under either state's laws. *See, e.g.*, *Thomas v. H & R Block E. Enters., Inc.*, 630 F.3d 659, 663 (7th Cir. 2011) (noting that when a court is addressing a question of state law while sitting in diversity, its job is to ascertain the substantive content of state law as it has been determined by the highest court of the state, or as it would be by that court if the case were presented).[2] Equally unhelpful, Plaintiff cites to cases from Illinois, Arizona, California, Florida, Maryland, Ohio, Mississippi, Arkansas, Connecticut, Minnesota, Oregon, Michigan, and New York.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

---

[2] Defendant's failure may be due to its reliance on the MMWA's statutory requirement that, before bringing an action under § 2310(d)(1), the consumer must give the warrantor "a reasonable opportunity to cure" its failure to comply with "an obligation under any written or implied warranty." § 2310(e) ("No action . . . may be brought under subsection (d) . . . under any written or implied warranty or service contract . . . unless the [warrantor] . . . is afforded a reasonable opportunity to cure such failure to comply."). However, it would not be appropriate to view this statutory language in isolation and without any analysis of state law.

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper unless the moving party has shown that it is entitled to "judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Defendant has not established that, as a matter of law, it fulfilled its obligation to repair or replace defective parts and conditions of the RV under the limited written warranty or any implied warranty as those warranties would be enforced and interpreted under state law.

Aside from the source of the substantive law, too many issues remain unexplored and too many questions remain unanswered for this case to be amenable to summary judgment. Even a cursory review of the record appears to reveal genuine issues of material fact. The work repair records demonstrate that Plaintiff experienced, and complained of, various problems with the RV. The Plaintiff's expert has confirmed the existence of these problems, some of which he maintains were ongoing and persisted despite repair attempts. Moreover, Plaintiff's expert has opined as to what he believes are the causes of these problems, causes that may be covered by the Limited Warranty. The Defendant disagrees with the nature, the cause, and the point of Defendant's resolution of the problems, and has its own evidence in support. A trial, not summary judgment, is the proper means to resolve this litigation.

**CONCLUSION**

For the reasons stated above, the Court DENIES Defendant's Motion for Summary Judgment [ECF No. 36].

SO ORDERED on August 12, 2019.

8

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT