UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSEPH KUBERSKI,

    Plaintiff,

        v.                                    CAUSE NO.: 1:15-CV-320-HAB

ALLIED RECREATIONAL GROUP, INC.,

    Defendant.

## OPINION AND ORDER

Plaintiff Joseph Kuberski purchased a Class A motorized Fleetwood RV from Defendant Allied Recreational Group, Inc.'s authorized dealer. Plaintiff alleges that the RV suffered from numerous defects and malfunctions that were not fixed within a reasonable amount of time or after a reasonable number of attempts.

Plaintiff's Complaint includes three separate Counts against Defendant. Plaintiff alleges state law breach of an express and/or implied warranty, violation of the Magnuson-Moss Warranty Act (MMWA), and violations of state consumer protection statutes based on the Defendant's representations during the transaction, failing to remedy defects, failing to honor a request to take the RV back, and breach of warranty. Plaintiff seeks relief in the form of damages or, in the alternative, relief in the form of rescission of the contract.

On August 12, 2019, this Court denied the Defendant's Motion for Summary Judgment. (ECF No. 75). In reaching this conclusion, the Court noted its dismay that the parties had failed to properly address choice of law issues that had clear implications for the issues and claims brought in this case:

>Reviewing the submissions in this case has reminded the Court that it is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Neither party has offered a choice of law analysis or otherwise indicated whether North Carolina or Indiana law applies. Defendant fails to cite a single case that would assist the Court in determining liability for breach of a written or implied warranty under either state's laws. *See, e.g.*, *Thomas v. H & R Block E. Enters., Inc.*, 630 F.3d 659, 663 (7th Cir. 2011) (noting that when a court is addressing a question of state law while sitting in diversity, its job is to ascertain the substantive content of state law as it has been determined by the highest court of the state, or as it would be by that court if the case were presented). Equally unhelpful, Plaintiff cites to cases from Illinois, Arizona, California, Florida, Maryland, Ohio, Mississippi, Arkansas, Connecticut, Minnesota, Oregon, Michigan, and New York.

(ECF No. 75 at 7 (footnote omitted)). Now, on the eve of trial, these choice of law questions have resurfaced in the parties' trial briefs (ECF Nos. 88, 91) and in the Defendant's Motions in Limine (ECF No. 90).

After a thorough review of the parties' briefs and arguments, the Court concludes as follows: first, North Carolina is the state with the most intimate contacts to this case and governs Plaintiff's claims; second, application of North Carolina law to Plaintiff's breach of implied warranty claim results in dismissal of that claim as a matter of law; third, Plaintiff's claim for incidental and consequential damages fails as a matter of law as the damages disclaimer is valid and conscionable under North Carolina law; fourth, Plaintiff's claim for deceptive consumer trade practices under North Carolina law is dismissed as it is barred by the economic loss doctrine. The Court turns now to a discussion of each of these determinations.

## DISCUSSION

### 1. Choice of Law – Most Intimate Contacts

As set out above, Plaintiff's complaint and subsequent filings allege breaches of express and implied warranties as well as violations of state deceptive consumer sales laws and the MMWA. Although the MMWA generates from a federal statute, "the MMWA 'allows consumers

2

to enforce [limited] written and implied warranties in federal court, [as provided in section 2310(d)(1),] borrowing state law causes of action.'" *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 780 (7th Cir. 2011) (quoting *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004)) (internal quotation marks omitted). Thus, "for all practical purposes, the MMWA operates as a gloss on [a plaintiff's] state law breach of warranty claims." *Id.*; see also, *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (MMWA "does not provide an independent basis for liability; it only provides for federal jurisdiction for state claims"). In other words, the MMWA relies on the state cause of action and acts as a vehicle for it in federal court. *Anderson*, 662 F.3d at 781. When a state claim fails, so does the MMWA claim. *See Priebe*, 240 F.3d at 587; *Schimmer*, 384 F.3d at 405.

In all his pretrial filings, the Plaintiff has repeatedly asserted that his claims are either based on Indiana or North Carolina law, without distinguishing between the two. That is, until now. Plaintiff now asserts that Indiana law governs his claims. In response, Defendant argues that North Carolina law is applicable because that forum has the most significant contacts to the claims at issue here.

The Court begins its analysis with a brief review of the undisputed facts. Both parties acknowledge that Plaintiff purchased the RV from Camping World R.V. Sales, a factory authorized dealership in Hope Mills, North Carolina. At the time of the purchase, Plaintiff resided in North Carolina and negotiated the terms of the RV purchase and financing in North Carolina. The RV itself was manufactured by the Defendant in Indiana. Shortly after taking possession of the RV (in North Carolina), Plaintiff began noticing defects and problems with the RV. Plaintiff then, on several occasions, returned to Camping World to have service and repair work performed on his RV. It is not altogether clear but, at some point, the Defendant offered to perform service

work on the RV in Indiana. Plaintiff, however, did not take Defendant's offer and thus, all work performed on the RV occurred in North Carolina. To date, the RV is presently stored in North Carolina.

Under the *Erie* doctrine, federal courts in diversity cases or any case where state law supplies the rule of decision must apply state "substantive" law but federal "procedural" law, *Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301-02 (7th Cir. 2010); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). Thus, the court "applies the choice-of-law rules of the forum state to determine which state's substantive law applies." *Auto–Owners Inc. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Here, this means the Court must apply Indiana's choice of law and turn to the "most intimate contacts" rule. *Carlisle v. Deere & Co.*, 576 F.3d 649, 563 (7th Cir. 2009).

Under the "most intimate contact" rule, a court considers: "(1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Standard Fusee Corp.*, 940 N.E.2d 810, 814 (Ind. 2010) (discussing the *Restatement (Second) of Conflict of Laws* §188 (1971)).

Applying these factors to the undisputed record in this case more than supports a conclusion that North Carolina law has the most intimate contacts and the greater interest in the lawsuit. *See Shearer v. Thor Motor Coach, Inc.*, No. 3:19-CV-965-PPS-MGG, 2020 WL 3618795, at *6 (N.D. Ind. July 1, 2020) (where plaintiffs were Florida residents who entered into the purchase agreement with a Florida dealer, received their RV under the contract in Florida, experienced problems with the RV in Florida, had it repaired in Florida, court concluded that

4

Florida has a greater interest in this lawsuit than Indiana). As in *Shearer,* the first four factors all point to application of an outside jurisdiction's law. At the time of purchase, Plaintiff was a North Carolina resident; he negotiated the sales contract for the purchase of the RV from an authorized dealer in North Carolina; performance of that purchase contract – which consisted of the Plaintiff accepting delivery of the vehicle – occurred in North Carolina; the Plaintiff presented the RV for service each time in North Carolina; and the RV remains in North Carolina presently. The sole connection to Indiana is the place of the RV's manufacture.[1]

Despite these factors, Plaintiff urges the Court to apply Indiana law to some claims and North Carolina law to others. He asserts that to the extent there is no real substantive difference in the laws of the jurisdictions, even if there are minor ones, then it is proper for the Court to apply the law of the forum state rather than the law of the jurisdiction with the most intimate contacts. (ECF No. 88 at 53). The Court declines this invitation.

Plaintiff acknowledges that North Carolina law substantively differs from Indiana with respect to his claims for breach of implied warranties and for violations of the consumer deceptive practices statutes. In fact, Plaintiff concedes that he cannot state a claim for breach of an implied warranty under North Carolina law because vertical privity is a requirement in that jurisdiction. *See infra,* subsection 2. Plaintiff further identifies a key difference under North Carolina's deceptive trade practices act, that being, that a garden variety breach of contract cannot form the basis for a deceptive trade practices claim. *Ellis v. Louisiana-Pac. Corp.,* 699 F.3d 778, 787 (4th Cir. 2012); *Buffa v. Cygnature Constr. & Dev., Inc.,* 796 S.E.2d 64 (N.C.App. 2016)("North Carolina has held that a 'breach of contract, even if intentional, is not sufficiently unfair or

---

[1] The fact that Plaintiff now resides in Utah does not change this Court's analysis. This case has been pending since 2015 and it makes little sense that a parties' change in residence that has nothing to do with the substantive claims presented should affect the choice of law analysis.

deceptive to sustain' a UDTPA claim.'" (*quoting Ellis* quoting *Wachovia Bank & Trust Co. v. Carrington Dev. Assocs.*, 459 S.E.2d 17, 21 (1995)). Rather, North Carolina law requires a showing of "egregious or aggravating circumstances," a requirement that does not appear in Indiana jurisprudence. Thus, at least twice, Plaintiff has acknowledged key differences between the potential jurisdictions.

Nevertheless, under Plaintiff's theory, the Court should apply Indiana law to his breach of express warranty claim. But, here too, there are some fine distinctions. Indiana law requires four elements for a breach of express warranty: (1) a warranty; (2) breach; (3) causation and (4) damage. *Peterson v. Culver Educational Foundation,* 402 N.E.2d 448, 461 (Ind. 1980); *Peltz Const. Co. v. Dunham*, 436 N.E.2d 892, 894 (Ind.Ct.App. 1982). North Carolina, however, requires only three elements: the existence of a defect, a warranty covering the item, and a breach. *Butcher v. DaimlerChrysler Co., LLC,* No. 1:08CV207, 2008 WL 2953472, at *2 (M.D.N.C. July 29, 2008). Further, North Carolina has eliminated any strict requirement that the buyer prove the specific cause of a non-conformity. *See Taylor v. Volvo N.Am. Corp.,* 451 S.E.2d 618, 625 (N.C. 1994) ("There is no statutory requirement, however, that the buyer in all cases prove the cause of the nonconformity or identify any specific mechanical defect related to the nonconformity.").

The plaintiff in *Taylor* identified a "shimmy" as the alleged defect but was unable to show the precise mechanical defect underlying the shimmy and clicking. The evidence suggested that the shimmy and clicking were not caused by the ordinary wear of parts and, based upon statements made by a regional parts and service manager, were likely tied to the braking system. Based on this evidence, Court determined that plaintiff had set forth a strong inference that the shimmy and clicking were caused by problems relating to the manufacture, or the design, of the braking system itself, rather than by any wear or any particular use by the plaintiff:

6

> Where, for example, a vehicle is warranted to be free from vibrations, the plaintiff need show only the car vibrates; the cause or the specific defect leading to the vibration is immaterial to establishing that the car fails to conform to the express warranty…
>
> The trial court in this case found that defendant warranted the car to be free from defects and that the "continuing and uncorrected clicking noise and shimmy" caused the car not to conform to that warranty. With the testimony of Joseph Blando, plaintiff produced sufficient evidence to support the findings that the car was warranted against defects which would cause it to shimmy or click. The next inquiry is whether plaintiff produced sufficient evidence that the shimmy or click, or both, was caused by a defect, as opposed to a worn or abused part or a part in need of adjustment. We conclude plaintiff met this burden.

*Id.;* but see, *Peltz*, 436 N.E.2d at 895 (finding no error where a plaintiff provided sufficient probative evidence that the defect's causation originated with the defendant).

*How* a specific defect is linked to the manufacturer – either by the absence of a non-manufacturer cause or the affirmative presence of a specific one – may be a subtle distinction between the law of the jurisdictions; yet, it still is a distinction and one that could conceivably have import here. In a nutshell, both jurisdictions appear to have some minimal causation requirement within the elements of their breach of express warranty law; the question for the jury will ultimately be whether the Plaintiff has established in some fashion that it is more likely than not that the defect originated with the Defendant rather than some other cause. Given the distinction, however slight it may be, between North Carolina and Indiana law, the Court shall apply North Carolina law to Plaintiff's express warranty claim.

In sum, Defendant's Motion in Limine 10, as it relates to the Court's application of North Carolina law to the claims in this case, is GRANTED. Plaintiff's claims asserting violations under Indiana law are DISMISSED; however, as Plaintiff pled his claims in the alternative, the claims under North Carolina law remain, but as limited by the additional decisions below.

 **2. Plaintiff's Implied Warranty Claim**

7

In his trial brief, Plaintiff concedes that North Carolina law requires vertical privity to establish an implied warranty claim. As this element is lacking here, Plaintiff cannot maintain a claim under North Carolina law for breach of an implied warranty. *See Nicholson v. Am. Safety Util. Corp.*, 476 S.E.2d 672, 678 (N.C.App. 1996) ("Privity via a contractual relationship between the plaintiff and the seller or manufacturer of an allegedly defective product is required to maintain a suit for breach of implied warranty"). Plaintiff's implied warranty claim is DISMISSED.

### 3. Plaintiff's Claims for Incidental and Consequential Damages

Plaintiff has asserted claims for incidental and consequential damages – including financing costs and interest, storage fees and insurance costs – as a result of the Defendant's warranty breach. As a general rule, incidental and consequential damages are recoverable for breach of warranty, unless disclaimed. *Stutts v. Green Ford, Inc.*, 267 S.E.2d 919, 926 (N.C.App. 1980). Defendant asserts that the Plaintiff is not entitled to recover these damages due to such a disclaimer contained in the limited one-year warranty at issue in this case.

Defendant's warranty provides as follows:

> **WHAT IS NOT COVERED BY THIS WARRANTY**
>
> **…**8.   FLEETWOOD SHALL NOT BE LIABLE FOR ANY (1) INCIDENTAL OR CONSEQUENTIAL DAMAGES INCLUDING BUT NOT LIMITED TO ANY CLAIMS FOR PROPERTY DAMAGE, LOSS OF USE, LOSS OF VALUE, LOSS OF INCOME, LOSS OF TIME, INCONVENIENCE, COMMERCIAL LOSS, BUS FARES, VEHICLE RENTAL, INCIDENTAL CHARGES SUCH AS TELEPHONE CALLS OR HOTEL BILLS, (2) ANY OTHER PROPERTY DAMAGE CAUSED OR ALLEGED TO BE CAUSED BY MOLD, MILDEW, FUNGUS, DRY ROT OR ANY MICROBIAL MATTER, OR (3) LEGAL FEES OR EXPENSES.

(Limited One-Year Warranty, at 1; ECF No. 88-7).

The parties appear in agreement that damage limitation warranties are valid under North Carolina law. Indeed, N.C.G.S.A. § 25-2-719 permits consequential damages to be limited or

excluded unless the limitation or exclusion is unconscionable. Where the parties' agreement ends is with the last word of the preceding sentence – whether the exclusion in this case is unconscionable.

Unconscionability is a question of law for the court to decide, *Tillman v. Commercial Credit Loans, Inc.,* 655 S.E.2d 362, 370 (N.C. 2008), and the burden rests with the party invoking the doctrine. *Boyton v. Xerox Commercial Sols., LLC*, No. 3:17-CV-505-RJC-DCK, 2018 WL 4001287, at *5 (W.D.N.C. July 31, 2018) (referencing the plaintiff's burden). A contract provision may be unconscionable because of unequal bargaining power and oppressive terms. *Brenner v. Little Red Sch. House Ltd.*, 274 S.E.2d 206, 210 (N.C. 1981). This has been described in North Carolina jurisprudence in terms of procedural and substantive unconscionability. *See Rite Color Chem. Co. v. Velvet Textile Co.,* 411 S.E.2d 645, 648–49 (N.C.App. 1992) (discussing unconscionability under § 25–2–302); *see also Tillman,* 655 S.E.2d at 370 (2008) (discussing unconscionability generally). "[P]rocedural unconscionability involves 'bargaining naughtiness' in the form of unfair surprise, lack of meaningful choice, and an inequality of bargaining power." *Tillman,* 655 S.E.2d at 370 (quoting *Rite Color*). "Substantive unconscionability ... refers to harsh, one-sided, and oppressive contract terms." *Id.* Ultimately, the question, after considering "all the facts and circumstances of a particular case," is whether the contract is "so one-sided that the contracting party is denied any opportunity for a meaningful choice" and whether the "terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Brenner,* 274 S.E.2d at 210.

Plaintiff, referencing Indiana law, contends that the Court should find the damages disclaimer in this case is unconscionable because he was not made aware of the warranty at the time of purchase, the warranty was pre-printed and involved a consumer transaction, and a

disparity in bargaining power existed. The Court is unconvinced that any of these circumstances, either alone or in tandem, dictate the conclusion that the damages disclaimer here was inherently unfair or oppressive so as to make it unconscionable as a matter of law.

While Plaintiff argues that he did not receive a copy of the warranty at the time of purchase, he did receive it when he accepted delivery of the vehicle, as it was in the owner's manual inside the RV. Moreover, Plaintiff is hard-pressed to assert unfair surprise given that he availed himself of the warranty repeatedly in an attempt to have the alleged defects in the RV remedied. He cannot have it both ways "relying on the contract when it works to [his] advantage to get repairs done and then alleging that it is unconscionable when it doesn't." *Mathews v. REV Recreation Group, Inc.* 931 F.3d 619, 623 (7th Cir. 2019) (applying Indiana law).[2]

Moreover, there is nothing inherently unfair about the limitation of damages as Plaintiff is not altogether without a remedy for defects falling under the warranty or for breach of the warranty. Even with a consequential damage limitation in place, Plaintiff is entitled to the diminished value of the bargain. *Stutts,* 267 F.3d at 926 (upholding a consequential damages limitation provision even when the limited warranty failed of its essential purpose to repair/replace defects). Thus, the court concludes that Plaintiff has failed to meet his burden that the damage limitation terms are "so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Brenner,* 274 S.E.2d at 210. Defendant's Motions in Limine 1 and 4 are, therefore GRANTED. The court concludes that the damage limitations

---

[2] The Court acknowledges that *Mathews* follows Indiana law rather than North Carolina law. However, the Court finds the opinion persuasive in the application of North Carolina law.  Moreover, Plaintiff's counsel is well aware of the Seventh Circuit's opinion in *Matthews* as counsel also represented the plaintiffs in that case.

disclaimer is valid and conscionable as a matter of law. Plaintiff is precluded from offering incidental or consequential damages testimony at trial.[3]

4. **Plaintiff's UDTPA Claim**

In Count III of his Complaint, Plaintiff alleges violations of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen.Stat. § 75–1.1, *et seq.* While the Court has already discussed the requirement under North Carolina law that Plaintiff demonstrate egregious or aggravated circumstances, Defendant makes an additional argument as to whether Plaintiff may maintain this claim at all.

North Carolina has adopted North Carolina's "economic loss rule" which prohibits the purchaser of a defective product from using tort law to recover purely economic losses. *Moore v. Coachmen Indus., Inc.,* 499 S.E.2d 772, 780 (N.C.App. 1998). Defendant argues that Plaintiff's claim for unfair and deceptive trade practices fails as a matter of law because he alleges only economic losses. In *Bussian v. DaimlerChrysler Corp.,* 411 F.Supp.2d 614, 625–26 (M.D.N.C.2006), the Court held that according to the "economic loss rule," the purchaser of an allegedly defective product is prohibited from using tort law, including the UDTPA, to recover purely economic losses. *Id.* at 625. Where the allegations involve a defective product, and the only damage alleged is to the product itself, dismissal is appropriate. *Id.* at 627.

Plaintiff does not truly address the merits of this argument. He does assert that "Defendant mistakenly assumes that Plaintiff's UDAP claim is based on Defendant's breach of warranty" and goes on to cite *Gilbane Bldg. Co.v. FRB,* 80 F.3d 895, 903 (4th Cir. 1996) for the proposition that

---

[3] Plaintiff will, of course, be permitted to make an offer of proof as to these damages outside the presence of the jury to preserve the issue for appeal if the Plaintiff so desires.

claims of negligent misrepresentation, failure to disclose information and fraud are all covered under the UDTPA. This, the court does not dispute – such claims are encompassed by the UDTPA.

Yet, it is clear from the allegations in the trial briefs that Plaintiff's UDTPA claim is intertwined with allegations of product defects. For instance, he asserts that the Defendant misrepresented the condition of the RV and that his claim is based on "the Defendant's failure to repair the RV's many defects and its breach of warranty." (ECF No. 92 at 19). Further, Plaintiff seeks damages only related to the product itself and thus, the economic loss doctrine is dispositive. *Butcher v. DaimlerChrysler Co., LLC,* No. 1:08CV207, 2008 WL 2953472, at *4 (M.D.N.C. July 29, 2008)(" While Plaintiff attempts to characterize his alternative claim as one for "concealment" of information by Chrysler, the only information he alleges to be concealed is that related to *a product defect.* Plaintiff has pleaded no allegations that could stand separate and apart from the alleged product defect."); *see also*, *Moore*, 499 S.E.2d at 780 ("Where a defective product causes damage to property other than the product itself, losses attributable to the defective product are recoverable in tort rather than contract."). Indeed, where a manufacturer's products simply fail to "meet the business needs of his customers," the remedy is in contract; it does not create a remedy in tort. *Bussian*, 411 F. Supp. 2d at 625–26 (quoting *Indemnity Ins. Co. of N. Amer. v. Amer. Eurocopter LLC,* No. 1:03CV949, 2005 WL 1610653, at *10 (M.D.N.C. July 8, 2005); *see also East River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 872 (1986) (The need for a remedy in tort is reduced when the only injury is to the product itself and "the product has not met the customer's expectations, or ... the customer has received 'insufficient product value.' ").

Here, the Plaintiff's UDTPA seeks economic loss for the RV's repeated defects and nothing more. Plaintiff has not alleged any additional loss outside of those related to the defective RV. Thus, as in *Butcher* and *Bussian* his claim falls squarely within the economic loss rule and he

cannot maintain a UDTPA claim as a matter of law. Plaintiff's UDTPA claim is therefore, DISMISSED.

## **CONCLUSION**

Based on the foregoing, the Court issues the following rulings:

(1) Defendant's Motions in Limine 1, 4 and 10 (ECF No. 90) are GRANTED as set forth in this Opinion and Order;

(2) Plaintiff's claims arising under Indiana law are DISMISSED;

(3) Plaintiff's alternatively pled claims arising under North Carolina law for breach of implied warranty, and violations of the UDTPA are DISMISSED.

(4) In light of the above rulings, Plaintiff's breach of express warranty under North Carolina law and his claim under the MMWA are the sole remaining claims for trial.

The Court will issue additional rulings on the parties' Motions in Limine at the time of the final pretrial conference.

SO ORDERED. September 2, 2020

                                       s/ *Holly A. Brady*
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT