UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **JOSEPH KUBERSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CAUSE NO. 1:15-cv-00320-HAB-SLC |
| **v.** | ) | |
| | ) | |
| **REV RECREATION GROUP INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Bill of Costs (ECF 144) and Plaintiff's Objection to the Bill of Costs and Motion to Stay Enforcement Pending Appeal (ECF 146), together with Defendant's reply brief to its bill of costs (ECF 153) and Plaintiff's sur-reply (ECF 157). The matter was referred to the undersigned Magistrate Judge on December 1, 2020, by District Judge Holly A. Brady pursuant to 28 U.S.C. § 636(b)(1)(B) for the issuance of a Report and Recommendation. (ECF 152).

Having reviewed the record and the parties' arguments, I RECOMMEND that Plaintiff's objection to Defendant's bill of costs be SUSTAINED IN PART and OVERRULED IN PART to the extent that Defendant's bill of costs be reduced from $8,853.38 to $7,956.42, and that the enforcement of the bill of costs be STAYED pending appeal.

### A. *Case Background*

On November 3, 2015, Plaintiff filed this breach-of-warranty action against Defendant, a recreational vehicle manufacturer. (ECF 1). A four-day jury trial commenced on September 29, 2020, resulting in a verdict in favor of Defendant. (ECF 132, 134, 135, 136, 139). The clerk entered a judgment in favor of Defendant and against Plaintiff on October 2, 2020. (ECF 140).

On October 15, 2020, Defendant filed a bill of costs seeking $8,853.38. (ECF 144). On October 29, 2020, Plaintiff filed a notice of appeal of the judgment and an objection to Defendant's bill of costs, seeking a $2,328.22 reduction in the costs and requesting that the Court stay the enforcement of the bill of costs pending resolution of the appeal. (ECF 146, 147). Defendant filed a reply in support of its bill of costs on December 14, 2020, and Plaintiff, with the Court's leave, filed a sur-reply on January 7, 2021. (ECF 153, 157). Therefore, the dispute is ripe for adjudication.

### B. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also Press Ganey Assocs., Inc. v. Dye*, No. 3:12-cv-437-CAN, 2014 WL 1874897, at *2 (N.D. Ind. May 8, 2014). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs

2

are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citation omitted).

District courts possess wide discretion in determining whether, and to what extent, costs may be awarded to the prevailing party. *Beardsley v. Casey*, No. 11 C 2286, 2012 WL 6642378, at *1 (N.D. Ill. Dec. 20, 2012). "When taxing costs against a losing party, a court must determine two things: (1) whether the costs are recoverable under . . . § 1920, and (2) whether the costs are reasonable and necessary." *Press Ganey Assocs., Inc.*, 2014 WL 1874897, at *2 (citing *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000)); *see also Fagbemi v. Spatz*, No. 08 C 3736, 2010 WL 3522946, at *1 (N.D. Ill. Sept. 2, 2010) (citing *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 427 (7th Cir. 2000)).

## C. Discussion

Plaintiff contends that Defendant seeks reimbursement for costs which are not recoverable under § 1920. More specifically, Plaintiff objects to: (1) certain invoices for depositions totaling $763.80;[1] (2) witness fees for which no receipt was provided, totaling $120; (3) reimbursement for Barry Kruekeberg's attendance at trial in the amount of $295.96; and (4) receipt for an airline ticket in the amount of $738.41 for Dave Matzenger to travel to Fort Wayne to testify at trial. (ECF 146 ¶¶ 4-6). Plaintiff does not dispute the remaining amount of Defendant's costs.

---

[1] Plaintiff in its objection contends that it is challenging $1,173.85 in deposition invoices. (ECF 146 ¶ 4). But that math mistakenly includes the "regular" appearance fees charged by the court reporter for the depositions of Joseph Kuberski and Karyn Kuberski, a cost which Plaintiff does not challenge in its objection (*see id.*), and thus, has waived. *See Palmer v. Marion Cty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (explaining that arguments not raised in response to a motion are considered waived).

3

1. Deposition Invoices

Plaintiff asserts that Defendant improperly seeks reimbursement for deposition invoices that include costs for "premium appearance fees, expedited transcripts, scanning of exhibits, conference room use, CD's, and archiving." (*Id. ¶* 4). Each of these costs will be discussed in turn.

With respect to court reporter appearance fees, the Seventh Circuit Court of Appeals has "previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)." *Szany v. Garcia*, No. 2:17-cv-74-PPS-JPK, 2020 WL 4915666, at *4 (N.D. Ind. Aug. 21, 2020 (quoting *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998)). Here, Plaintiff argues only that the "premium" appearance fees ($187.50 + $150) charged by the court reporter for the deposition of Phillip Grismer, an expert witness, should be disallowed. (ECF 146 ¶ 4; *see* ECF 144-1 at 21).

Defendant responds that the "premium" appearance fee is "simply the fee charged by the court reporter to create the transcript necessary to [Defendant's] defense." (ECF 153 at 2). But the court reporter charged a "regular" appearance fee for the depositions of Joseph Kuberski and Karyn Kuberski. (*Compare* ECF 144-1 at 20 ($192 "regular" appearance fee for Joseph Kuberski's deposition in August 2016), 22 ($218 "regular" appearance fee for Joseph Kuberski's and Karyn Kuberski's depositions in January 2017), *with* ECF 144-1 at 21 ($187.50 plus $150 "premium" appearance fees for Grismer's deposition in February 2017)). Defendant has not explained whether the "premium" appearance fee was charged because Grismer was an expert witness, *see, e.g., Halasa v. ITT Educ. Servs., Inc.*, No. 1:10-cv-437-WTL-MJD, 2012 WL 639520, at *4 (S.D. Ind. Feb. 27, 2012) ("ITT explains that it is the firm's standard practice to

4

charge a premium rate of $6.00 per page for the depositions of medical doctors; the Court presumes that the court reporters typically spend extra time preparing the transcripts of those depositions because they involve unfamiliar medical terms."), or because Defendant ordered Grismer's transcript on an expedited basis (*see* ECF 144-1 at 21 ("Expedited 5 days")).

Consequently, the undersigned cannot conclude that the "premium" appearance fee—that is, the amount above the "regular" appearance fee—is reasonable and necessary. *See, e.g.*, *Rockett v. Marten Transp., Ltd.*, No. 99 C 3957, 2001 WL 1512532, at *2 (N.D. Ill. Nov. 28, 2001) ("[D]efendants have not explained why it was necessary to incur certain premium costs, like those related to: . . . expedited delivery of the . . . deposition transcripts . . . . Absent such information, we cannot award defendants the court reporter and transcript costs they seek."). Thus, Plaintiff's objection to the "premium" appearance fee should be SUSTAINED IN PART and OVERRULED IN PART. The appearance fee for Grismer's deposition should not be totally excluded as Plaintiff urges. Rather, the undersigned recommends that the $187.50 appearance fee be allowed but the $150 appearance fee excluded, so that Grismer's deposition appearance fee is more comparable to the "regular" appearance fees charged for the Kuberskis' depositions.[2]

Next, Plaintiff seeks to exclude the expedited delivery fee ($25) associated with Grismer's deposition transcript. (ECF 146 ¶ 4; *see* ECF 144-1 at 21). As already stated, Defendant does not suggest, much less establish, that expedited delivery of Grismer's deposition transcript was reasonable or necessary. As a result, Plaintiff's objection to this charge should be SUSTAINED, and the $25 charge should be deducted. *See Rockett*, 2001 WL 1512532, at *2.

---

[2] The court reporter charged "regular" appearance fees for the Kuberskis' depositions seemingly based on whether the deposition was a full-day or half-day, and whether there was one or two deponents. (*See* ECF 144-1 at 20, 22). As such, the undersigned cannot readily ascertain a definitive "regular" appearance fee for Grismer's deposition, which reflects an hourly fee basis and appears to have lasted 4.5 hours. (*See id.* at 21).

5

Plaintiff also challenges the regular transcript delivery fees ($46.50 + $25 + $25) charged for the depositions. (ECF 146 ¶ 4; *see* ECF 144-1 at 20-22). But "[p]ostage costs are generally not compensable under section 1920 because such expenses are generally considered overhead or part of the cost of operating a law firm." *Pourghoraishi v. Flying J., Inc.*, No. 2:03-CV-269, 2005 WL 8170102, at *2 (N.D. Ind. Jan. 18, 2005). Indeed, "[d]elivery fees, second copies, electronic versions of the transcripts, and so forth are not allowable because they are regarded as a convenience or an ordinary business expense for the lawyer." *Hernandezmartinez v. Chipotle Mexican Grill, Inc.*, No. 11 C 4990, 2013 WL 2384251, at *3 (N.D. Ill. May 30, 2013); *see also Druckzentrum Harry Jung GmbH & Co. KG v. Motorola*, No. 09-cv-7231, 2013 WL 147014, at *3 (N.D. Ill. Jan. 11, 2013). Thus, Plaintiff's objection to the transcript delivery fees should be SUSTAINED and the delivery fees of $96.50 subtracted.

Plaintiff also seeks to exclude exhibit scanning charges ($14.40 + $19.60 + $16 + $26). (ECF 146 ¶ 4; *see* ECF 144-1 at 20-22). "Deposition exhibits (including the cost of scanning them) are in certain circumstances 'incidental' to a deposition and thus may at times be recoverable." *Kaiser v. Johnson & Johnson*, No. 2:17-cv-00114-PPS-JEM, 2018 WL 3989467, at *3 (N.D. Ind. Aug. 20, 2018) (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). "But they are not always so, especially when a [party] makes no showing as to why they were necessary, and not merely a convenience of counsel." *Id.* Here, Defendant has not shown why the scanning charges were necessary, and thus, Plaintiff's objection should be SUSTAINED. The charges totaling $76 for exhibit scanning should be excluded.

Next, Plaintiff challenges the costs for transcript archiving and CDs ($45 + 7.50 + $45 + $7.50 + $45 + $7.50). (ECF 146 ¶ 4; *see* ECF 144-1 at 20-22). Like delivery fees, "ASCII

6

disks, 'condensed' transcripts, and 'archiving fees' are outside the scope of [§ 1920]." *Hoffman v. Sumner*, No. 05 C 7114, 2008 WL 11515354, at *2 (N.D. Ill. July 16, 2008); *see also SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, No. 06-CV-2065, 2008 WL 3876115, at *3 (C.D. Ill. Aug. 18, 2008) (subtracting delivery charges, ASCII formats, condensed formats, e-transcripts, and archiving); *Starita v. Donlen Corp.*, No. 06 C 2154, 2008 WL 4297768, at *2 (N.D. Ill. Aug. 18, 2008) (same, noting that "such niceties are purely matters of convenience, not necessity"). Therefore, Plaintiff's objection to the costs for transcript archiving and CDs should be SUSTAINED, and a total of $157.50 should be subtracted.

Finally, Plaintiff contends that the conference room charge ($96) for Joseph Kuberski's deposition in August 2016 should be deducted. (ECF 146 ¶ 4; *see* ECF 144-1 at 20). Indeed, fees for conference room rental for a deposition "are more akin to administrative fees incurred in the cost of doing business." *Mason v. Smithkline Beacham Corp.*, No. 05-1252, 2008 WL 5397579, at *3 (C.D. Ill. Oct. 7, 2008) (disallowing conference room rental fees relating to a deposition); *see also Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at *8 (N.D. Ill. Jan. 26, 2016) (same); *Bosch v. Ball-Kell*, No. 13-1408, 2007 WL 2994085, at *2 (C.D. Ill. Oct. 11, 2007) (same). Therefore, Plaintiff's objection regarding the conference room rental fee should be SUSTAINED, and the $96 charge should be excluded.

    2. Witness Fees

Plaintiff also seeks to disallow the witness fees ($40 + $40 + $40) paid to Dave Matzenger in January 2017 and March 2017 and to Douglas Haas in February 2017 for the reason that Defendant has not produced receipts for these fees. (ECF 146 ¶ 4; *see* ECF 144-1 at 1). In response, Defendant points to 28 U.S.C. § 1821, which provides that a deposition witness

7

is entitled to a statutory fee of $40 and a reasonable mileage allowance based on his mode and distance of transportation. (ECF 153 ¶ 8).

Section 1821 does not include a requirement that a receipt be presented for the $40 witness fee, and Plaintiff has failed to cite any authority in support of its argument. Significantly, Defendant is *not* seeking to collect any witness fees in excess of the $40 statutory limit without any documentation. *Cf. Trotta v. Lighthouse Point Land Co.*, No. 07-80269-CV-HURLEY-HOPKINS, 2008 WL 11412062, at *12 (S.D. Fla. Sept. 22, 2008) (collecting cases in which requests for witness fees *above* the statutory $40 limit were denied for failure to include receipts). As such, the witness fees for Matzenger and Haas totaling $120 should be allowed pursuant to § 1821 even without a receipt, and Plaintiff's objection to these fees should be OVERRULED.

   3. Costs for Kruekeberg's Attendance at Trial

Next, Plaintiff disputes Defendant's request for a witness fee ($295.96) for Kruekeberg's appearance at trial. (ECF 146 ¶ 5; *see* ECF 144-1 at 1). Plaintiff argues that Kruekeberg appeared not as a witness but as Defendant's corporate representative, and that as such, Defendant cannot recover witness fees for his appearance. (ECF 146 ¶ 5).

"Section 1821 does not define the word 'witness.'" *WH Smith Hotel Servs., Inc. v. Wendy's Int'l, Inc.*, 25 F.3d 422, 429 (7th Cir. 1994). "In interpreting Section 1821, courts consistently have held that parties are not entitled to witness fees for their own appearances in court." *Id.* (citations omitted). "Equally consistently, however, courts have held that costs may be assessed for corporate officers and directors not personally involved in the litigation who testify on behalf of the corporation." *Id.* (citations omitted). "Ordinarily, no fee may be taxed

8

for someone who comes to the courthouse but does not testify at the trial, the presumption being that the person was not a necessary witness." Charles A. Wright & Arthur R. Miller, 10 Fed. Prac. & Proc. Civ. § 2678 (4th ed.); *see Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 00 C 7620, 2004 WL 557388, at *5 (N.D. Ill. Mar. 22, 2004) ("[A] prevailing party is ordinarily not entitled to recover the expenses incurred by officers who attend the trial merely as corporate representatives, but is not barred from recovery of those costs for the days on which the corporate representatives were called as witnesses.").

Here, Kruekeberg did not testify as a witness at trial. Rather, he served as Defendant's corporate representative who sat at the table with counsel throughout the trial. (*See* ECF 153-1 ¶ 1). As such, Plaintiff's objection to Kruekeberg's witness fee for his appearance at trial should be SUSTAINED, and the witness fee of $295.96 should be excluded. *Cf. King-Ind. Forge, Inc. v. Millennium Forge, Inc.*, No. 1:07-cv-341-SEB-DML, 2010 WL 11678517, at *3 (S.D. Ind. Sept. 30, 2010) (allowing recovery of expenses for the days the corporate officer testified at trial, but not the days he attended as the corporate party's designated trial representative)*; Interclaim Holdings Ltd.*, 2004 WL 557388, at *6 (same); *Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 WL 1557765, at *4 (N.D. Ill. July 8, 2004) (allowing fees where the employee "attended trial in order to testify as a fact witness, not to manage the litigation or advise counsel"); *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, No. 91 C 7955, 1995 WL 144554, at *6 (N.D. Ill. Mar. 30 1995) (denying witness fees for the corporate officer who "attended the trial as the party representative").

    4. <u>Costs for Matzenger's Attendance at Trial</u>

Finally, Plaintiff disputes a receipt for an airline ticket in the amount of $738.41

9

purportedly for Matzenger to travel to Fort Wayne to testify at trial, asserting that the receipt has no name or identifying information on it and thus Plaintiff cannot confirm its validity. (ECF 146 ¶ 6; *see* ECF 144-1 at 1, 10). Plaintiff also takes issue with the fact that the traveler booked the flight to arrive in Fort Wayne a full two weeks prior to the start of the trial—that is on September 14, 2020. (*Id.* at 10).

Defendant, in response, produced affidavits from Kruekeberg, as Defendant's corporate representative, and Matzenger, stating that Defendant paid $738.41 for Matzenger's travel from Arizona to Fort Wayne so that Matzenger, now a former employee, could testify at trial. (ECF 153-1 at 1, 4). Kruekeberg and Matzenger attest that Defendant initially purchased Matzenger's airfare for September 14, 2020, to ensure that he would be present for the start of the September 29, 2020, trial. (*Id.* at 4). Defendant attached a travel receipt, which included Matzenger's name, showing that his airfare was later changed to arrive in Fort Wayne on Monday, September 28, 2020, and depart on Friday, October 2, 2020. (*Id.* at 7-12). Ultimately, Matzenger testified both in Plaintiff's case in chief and in Defendant's case in chief. (Id. at 4).

Plaintiff in its sur-reply does not challenge the travel receipt or dispute Defendant's explanation, essentially abandoning the arguments raised in its objection. Instead, Plaintiff argues for the first time in its sur-reply that Defendant should not be permitted to recover Matzenger's witness fees because Matzenger "was personally involved in the litigation." (ECF 157 at 2-3). However, "arguments raised for the first time in a reply brief are waived." *Wonsey v. City of Chi.*, 940 F.3d 394, 398 (7th Cir. 2019). Accordingly, Plaintiff's objection to Defendant's request for Matzenger's airfare for his appearance at trial should be OVERRULED, and the airfare should be allowed.

10

In sum, the undersigned recommends that Plaintiff's objection be SUSTAINED IN PART and OVERRULED IN PART and that the following charges be deducted from Defendant's bill of costs: $150 in "premium" appearance fees; $25 for expedited delivery; $96.50 for transcript delivery; $76 for exhibit scanning; $157.50 for transcript archiving and CDs; $96 for conference room rental; and $295.96 for Kruekeberg's attendance at trial. As such, Defendant's bill of costs should be reduced from $8,853.38 to $7.956.42.

5. Costs Stayed Pending Appeal

Plaintiff also asks that the Court stay the enforcement of the bill of costs pending appeal. (ECF 146 ¶ 7). Defendant does not respond to this request, and thus, apparently it does not object to the stay. Therefore, the undersigned recommends that the enforcement of the bill of costs be stayed pending appeal. *See generally Allen v. City of Chi.*, No. 10 C 3183, 2016 WL 1070828, at *11 (N.D. Ill. Mar. 16, 2016) ("While this Court has declined to stay the adjudication of defendant's bill of costs, we grant plaintiffs' request to stay the payment of costs pending plaintiffs' appeal as is common in this district." (citations omitted)).

### D. Conclusion

For the foregoing reasons, I RECOMMEND that Plaintiff's objection to Defendant's bill of costs (ECF 146) be SUSTAINED IN PART and OVERRULED IN PART in that Defendant's bill of costs (ECF 144) be reduced from $8,853.38 to $7,956.42, and the enforcement of the bill of costs be STAYED pending appeal. The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P.

72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See generally Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996).

Entered this 14th day of January 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge